### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KIERSTON VOYLES, ) <br> ) <br> Defendant. ) | Case No. 20-cr-30037 |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Kierston Voyles' Second Motion to Reconsider Detention Order (d/e 18) (Motion). The Motion is ALLOWED for the reasons set forth below.

Defendant seeks reconsideration of the Order of Detention (d/e 9) and this Court's Order entered October 5, 2020 (d/e 14) (Order 14) denying her prior Expedited Motion to Reconsider Detention Order and Release on Bond for Placement at Treatment (d/e 11) (First Motion). Voyles seeks reconsideration under 18 U.S.C. §3142(f) due to new information that was not available at either the detention hearing or the time of the filing of the First Motion. The new information is that Voyles' mother Sarra Baptist (Baptist) has agreed to allow Voyles to live with her, her husband Bohdon

Baptist, and their children in their home (Residence).[1]  The Motion describes Baptist as "a stay-at-home mother of four."  Motion, at 3.  Baptist and one of the children are at high risk for complications should either contract COVID 19.  Voyles asks for bond conditions that "include absolute home detention with electronic monitoring" at the Residence.  Motion, at 3.  The "absolute home detention" would reduce the risk that Voyles would bring COVID 19 into the Residence.  The proposed detention would allow Voyles to leave the Residence for "treatment, legal, medical, and religious services."  Baptist or a person approved by Baptist would be required to accompany Voyles whenever she left the Residence.  Motion, at 3-4.

The Probation Office has confirmed that Baptist is willing to act as a third-party custodian of Voyles and to allow Voyles to live in the Residence under the conditions described above.  The Probation Office has also confirmed to the Court that Baptist and her husband Bohdon Baptist do not have criminal records.

The Court has carefully considered this new evidence.  The Court notes that Voyles has no record of criminal convictions and may be able to qualify for the safety valve at sentencing should she be convicted.  The

---

[1] The body of the Motion spells Baptist's first name at "Sara."  The attached unsigned letter spells Baptist's first name as "Sarra."  The Court uses the spelling in the attached letter.

Court further finds that Baptist would be an appropriate third-party custodian. The restrictive conditions would subject Voyles to location monitoring and would preclude Voyles from leaving the Residence alone. The Court finds that the proposed conditions would be sufficient to assure the appearance of the defendant as required and the safety of any other person and the community if the defendant is released on bond.

Voyles also states in the Motion that the Court erroneously stated in Order 14 that Voyles violated conditions of bond in a state case by leaving the state. This assertion is not new information, and so, is not a basis for reconsideration. Furthermore, the Court's statement in Order 14 was correct. Voyles was arrested on June 2, 2019, in Sangamon County, Illinois, on state charges of possession with intent to deliver methamphetamine. Voyles was placed on bond, and at that time, she agreed to conditions of her bond that stated that she would not leave the state without permission of the state court. A copy of these conditions of bond and her acknowledgement are attached to this Opinion as Appendix A. Voyles violated these conditions by leaving that state and moving to Denver, Colorado for three months. The Court's recitation of these facts in Order 14 was correct.

Voyles also states that the Court erroneously stated in Order 14 that she was "charged in the indictment in this case with distribution of methamphetamine in Sangamon County, Illinois, on January 16, 2020 after she moved to Colorado and then returned to Sangamon County, Illinois." Order 14, at 3.  Voyles states that the Indictment (d/e 1) alleges that she distributed methamphetamine in June 2019 (the basis for the prior state charge that now has become part of this case) and in January 2020.  The Indictment does not allege that she reoffended after she returned from Colorado because she did not go to Colorado until late Spring 2020.  The Court acknowledges that the charges in the Indictment do not allege that she reoffended after she returned from Colorado in the Summer of 2020; however, the Indictment does allege that she reoffended in January 2020 while she was still on bond in the pending state case.

The Court has considered Voyles' trip to Colorado, her voluntary return, and her alleged distribution of methamphetamine while on bond, as well as the other factors discussed above.  In light of the possibility of the safety valve limiting her sentence should she be convicted, her voluntary return to Illinois while on state bond, the willingness and qualifications of her mother Baptist to act as a third-party custodian, the proposed monitoring, and the proposed conditions restricting Voyles' movement, the

Court finds that the proposed conditions would be sufficient to assure the appearance of the defendant as required and the safety of any other person and the community if the defendant is released on bond.  The Court also notes that the Government acknowledges that this is a close case. <u>Response to Motion to Reconsider Detention (d/e 19)</u>, ¶ 5.

THEREFORE, IT IS ORDERED that Defendant Kierston Voyles' Second Motion to Reconsider Detention Order (d/e 18) is ALLOWED.  This Court's Order of Detention (d/e 9) is reconsidered and VACATED.  Defendant Kierston Voyles is ordered released on an Appearance bond subject to the following conditions:

The bond shall be a $10,000 recognizance bond.

(1) The defendant must not violate federal, state, or local law while on release.
(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.
(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.
(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.
(5) The defendant must submit to supervision by and report for supervision to the U.S. Probation Office, U.S. Probation Officer Heather Buechele, 600 East Monroe Street, Room 108, Springfield, Illinois, telephone number 217-492-1350, by telephone no later than 10:00 a.m. on the day following her release, and thereafter as directed by the U.S. Probation Office.
(6) The defendant must not obtain a passport or other international travel document.

(7) The defendant must abide by the following restrictions on personal association, residence, or travel:  Must reside with her mother, Sarra Baptist, at 108 East Jefferson Street, Auburn, Illinois 62615; and any travel is restricted to the Central District of Illinois.
(8) The defendant must get medical or psychiatric treatment:  participate in a mental health and/or psychiatric evaluation and participate in any recommended treatment, if directed by the U.S. Probation Office.
(9) The defendant must not possess a firearm, destructive device, or other weapon.
(10) The defendant must not use alcohol at all.
(11) The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
(12) The defendant must submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.  Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.  The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
(13) The defendant must participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
(14) The defendant must participate and comply with the requirements of the Probation Office's Home Detention program.  You are restricted to your residence at all times except for religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer.
(15) The defendant must submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all the program requirements and instructions provided.
(16) The Defendant must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.
(17) The Defendant report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
(18) If approved by the probation officer to leave the residence, the defendant shall not leave unless accompanied by your mother or an

individual approved in advance by her and verified by the probation officer.

The Court hereby warns Defendant Kiersten Voyles that her failure to appear in court as required is a crime for which she can be sentenced to imprisonment.  In addition, if she violates any of the conditions of her release, a warrant for her arrest may be issued and she may be jailed until the trial. She may also be prosecuted for contempt of court.

The Court Further warns Defendant Voyles that it is a crime to try to influence a juror, to threaten or attempt to bribe a witness or other person who may have information about this case, to retaliate against anyone for providing information about the case, or to otherwise obstruct the administration of justice.

The Court further orders that the Defendant and the third-party custodian Sarra Baptist must execute an Appearance Bond and agree to all of the conditions of release set forth in this Opinion.

ENTER:  November 20, 2020

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE